Lipscomb, J.
If the covenant set out in the petition were to receive a strict literal construction on tho facts disclosed, the plaintiff could not sustain an action at common law, because the undertaking of Mrs. Dick is to convey such title as she shall receive from the Government, and the petition shows that no title was received by her or through her to the land in question. The grant of the Government is to the heirs of Joseph Dick; and it is founded on a certificate of the board of land commissioners in favor of the legal representatives of Joseph Diclc. This appears from the patent's exhibited as vouchers to the plaintiff’s petition. Consequently there lias been no breach of tho covenant.
But courts of equity act on more liberal and expansive principles of justice in construing such contracts, and will give effect to the real object and intent of the parties. Tho covenant, as before said, taken in its literal sense, refers to land claimed by Mrs. Diclc in her own name; yet there can he no doubt that when the subject-matter of her undertaking is considered it was the same right conveyed by the certificate of ¡ho board of land commissioners to tho legal representatives of Joseph Diclc that Doth parties liad in view. And to the extent of her interest she had tho capacity to bind herself as the widow of Joseph Diclc. Under the law of community she was entitled to one half the lands to he located under the certificate issued by the board of land commissioners in favor of the legal representatives of her husband. An equitable con- *117 structlon of the contract would not permit it to extend to her whole interest, as she could not have intended to convey more than one half of her interest in the lands to be located. If she had the capacity as the legal representative of her husband or guardian of their infant child to create a lien on the other half, it should have been shown by the plaintiff. Tiie petition, however, does not disclose who was the legal representative of Joseph Dick, or who the guardian of his infant child at the date of the covenant sued on. The petition is very imperfect ; it charges no facts by which the half of the lands belonging to the heir of Joseph Dick could be either in law or equity bound by the contract of his widow, Mrs. Dick. It is, however, not improbable that she was, at tiie date of her contract, both the legal representative of her husband and tho guardian of his infant heir. If this had been shown, it would have opened tile inquiry as to how far tiie contract was a beneficial one -for the heir and necessary to the security of her rights. But as the case is presented, if tho facts charged arc to he taken as true,'the plaintiff has just claim to the one half of tiie laud to which Mrs. Dick was entitled; and her daughter, the ward of the defendant, took the land by descent from her mother, subject to tiie plaintiff’s right acquired under his covenant witii her.
"Note 38. — I-Ieadrighfc certificates issued under tho Constitution of the Republic and the law of 1837 formed part of the community property. (Parker v. Chance, 11 T., 513.)
We believe the petitioner was entitled to relief, and that the court erred in dismissing his suit.
Judgment reversed.